UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT MERCOGLAN,

    Plaintiff,

v.                                              Case No:   2:18-cv-209-FtM-38MRM

CHARLOTTE COUNTY BOARD OF
COUNTY COMMISSIONERS,

    Defendant.
_____/

## AMENDED[1] REPORT AND RECOMMENDATION[2]

Pending before the Court are the following:  (1) Order requiring Defendant to show good cause why Count I of the Second Amended Complaint should not be remanded to state court, filed on June 6, 2018 (Doc. 31); Defendant's Response to Order, filed on June 19, 2018 (Doc. 32); and Plaintiff's Response to Court Order Regarding Removal and Motion to Sever and for Partial Remand of Count I of Plaintiff's Amended Complaint, filed on June 21, 2018 (Doc. 33; Doc. 34).  These filings relate to whether Count I of Plaintiff's Amended Complaint (Doc. 17) should be remanded to state court.

---

[1]  The original Report and Recommendation (Doc. 35) is amended to correct scrivener's errors.

[2]  Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Procedurally, and as stated in its prior Order (Doc. 31), this Court held a Preliminary Pretrial Conference on June 5, 2018.  At the hearing, the Court inquired about an issue concerning removal jurisdiction that the parties had affirmatively – albeit vaguely – identified in their Case Management Report.  (*See* Doc. 21 at 3).  Specifically, the parties requested in the Case Management Report that "the Court address unresolved issues concerning removal jurisdiction as it relates to Count I of the Amended Complaint."  (*Id.*).

Defendant Charlotte County Board of County Commissioners explained that Defendant removed Count I – a claim for Retaliation Under Fla. Stat. § 440.25 – to this Court notwithstanding the fact that Defendant believes that particular claim was non-removable pursuant to 28 U.S.C. § 1445(c).  Defendant's counsel took the position that Count I should be remanded, and Defendant's counsel presumed the Court would, upon review of the notice of removal, remand Count I back to the state court.  In response, Plaintiff's counsel took the position that the factual allegations underlying Count I are closely related to the FMLA claims also asserted in the operative complaint.  Nevertheless, Plaintiff's counsel expressed no preference as to whether the parties litigate Count I in state or federal court and Plaintiff defers to the Court's discretion on this issue.

The Court pointed out its prior Order, that this case presents an odd procedural posture in that Defendant – as the party who removed this action to federal court – acknowledged in the removal notice that Count I "appears to be non-removable," (*see* Doc. 1 at 3 ¶¶ 9-11), removed that count anyway, and now maintains that Count I must be remanded.  (Doc. 31 at 2). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."  *Zelaya v. United States*, 781 F.3d 1315, 1339 (11th Cir.

2015) (quoting *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428 (2011)).  As such, the jurisdictional issue relating to Count I warrants the Court's examination.

In Count I of the Amended Complaint, Plaintiff alleges that a "motivating factor which caused the Plaintiff's discharge . . . was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq. [sic].  In other words, the plaintiff would not have been fired but for his claiming worker's compensation benefits as described above."  (Doc. 17 at 3 ¶ 20).  Plaintiff alleges that his termination was "in direct violation of Fla. Stat. § 440.205 and, as a direct result, the Plaintiff has been damaged." (*Id.* at 3 ¶ 21).  Thus, Count I indisputably arises under Florida's state worker's compensation law.

Defendant takes the position that Count I should be severed and remanded to state court.  (Doc. 32 at 3).  Plaintiff agrees with Defendant that this Court should decline to exercise supplemental jurisdiction over Plaintiff's claim for retaliation under the Florida Workers' Compensation Law brought in Count I, should sever this claim, and remand it to state court. (Doc. 33 at 1, 5).

Pursuant to 28 U.S.C. § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."  Further, 28 U.S.C. § 1441(c) states:

> (c) Joinder of Federal law claims and State law claims.—
>     (1) If a civil action includes—
>         (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>         (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,
>
> the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

>    (2) Upon removal of an action described in paragraph (1), *the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed.* Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441(c) (emphasis added).  Thus, these removal statutes appear to require this Court to sever Count I and remand it to state court.

Case law further supports this conclusion.  *See Alansari v. Tropic Star Seafood Inc.*, 388 F. App'x 902, 905 (11th Cir. 2010) (holding district court lacked subject-matter jurisdiction over Plaintiff's state workers' compensation retaliation claim and erred in refusing to remand the claim to state court); *Reed v. Heil Co.*, 206 F.3d 1055, 1061 (11th Cir. 2000) (holding that the federal court lacked subject-matter jurisdiction to entertain a retaliatory workers' compensation claim and this claim "must be remanded to state court"); *Avery v. Wawa, Inc.*, No. 8:18-CV-403-T-33TGW, 2018 WL 1008443, at *1 (M.D. Fla. Feb. 22, 2018) (finding Florida workers' compensation claim asserted in count four of the complaint was subject to *sua sponte* remand pursuant to 28 U.S.C. §§ 1445(c)); and *Schuman v. St. Luke's Cataract & Laser Inst., P.A.*, No. 8:16-CV-1425-T-33JSS, 2016 WL 3189176, at *1 (M.D. Fla. June 8, 2016) (holding the court lacked subject-matter jurisdiction over the Florida Workers' Compensation-related claim asserted in count one and remanding that claim to state court).[3]

A removing defendant has the burden of establishing the propriety of removal under 28 U.S.C. §1441 and, therefore, must establish federal jurisdiction.  *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).  Moreover, all doubts as to jurisdiction should be

---

[3]  Pursuant to 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a)." (emphasis added).  In this case, the basis for remand is subject-matter jurisdiction.  Thus, any request to remand Count I on that basis is timely.

4

resolved in favor of remand to state court. *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). In this case, the Undersigned recommends and both parties agree that the Court should sever Count I of the Amended Complaint (Doc. 17) – the claim for retaliation under Fla. Stat. § 440.205 – and remand Count I to state court.

Accordingly, it is **RESPECTFULLY RECOMMENDED**:

1)   The Motion to Sever and for Partial Remand of Count I of the Plaintiff's Amended Complaint (Doc. 33) be granted.

2)   That Count I for Retaliation Under Fla. Stat. § 440.205 in the Amended Complaint (Doc. 17) be severed and remanded to state court.

Respectfully recommended in Chambers in Ft. Myers, Florida on August 3, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties